Opinion issued May 27, 2010

 



In The

Court
of Appeals

For The

First
District of Texas

————————————

No. 01-07-00943-CR

No. 01-07-00944-CR

———————————

ALEXANDRO A. DIAZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 248th
District Court

Harris County, Texas

Trial Court Cause Nos. 1094476
and 1009574

 

 



MEMORANDUM OPINION

Appellant
Alexandro A. Diaz was placed on three years deferred adjudication community
supervision in 2005 for delivery of cocaine in a drug-free zone.[1]  In 2007, he was charged with indecency with a
child[2]
and a motion to adjudicate his guilt in the delivery of cocaine cause was
filed.  A jury convicted him of indecency
with a child and assessed his punishment at three years in prison.  The following day, the trial court adjudicated
appellant’s guilt in the delivery of cocaine cause, revoked his community
supervision, and sentenced him to seven years in prison, to run consecutively
to the three-year sentence.  We determine
(1) whether the evidence is legally and factually sufficient to support
appellant’s conviction for indecency with a child, (2) whether the trial court reversibly
erred in admitting a statement by appellant’s mother at punishment, and (3) whether
appellant received ineffective assistance of counsel at his motion to
adjudicate hearing.

Background

          During the
time that appellant was on deferred adjudication for delivery of cocaine, M.B.,
the seven-year-old complainant, went to spend the night with her 10-year-old
cousin at the cousin’s grandmother’s house. 
M.B. called her cousin’s grandmother “Grandma Mary” although she was not
actually a blood relative.  Grandma Mary is
appellant’s mother.  

According to the complainant,
during that visit, while Grandma Mary and M.B.’s cousin were in another room,
appellant picked up M.B., sat her on his lap, and put his hand into her shorts,
touching her “middle part” outside her underwear.  M.B. was scared but laughed so as not to be
“rude,” and told appellant to stop. 
Appellant took his hand out then repeated the gesture.   M.B. “scooted away” because she “didn’t like
it.”

          M.B. did not
tell anyone that day because she was “scared,” but later, when invited for
another sleepover at Grandma Mary’s house, she told her mother that she did not
want to go.  A few months later, after
M.B heard her mother discussing appellant with her aunt, she told her mother,
in the presence of others, that appellant had “touched” her “in her private
part.”  An examination at the hospital the
next day revealed no physical evidence of sexual assault.  M.B. was also interviewed on video at the Child
Assessment Center.  

          At the trial
for the indecency with a child charge, M.B., her mother, and the police officer
to whom the incident had been reported testified and the videotaped interview
was admitted into evidence.  There were
some inconsistencies between M.B.’s testimony at trial and her statements in the
videotaped interview.  Appellant did not
present any evidence.  At punishment, the
State called appellant’s community supervision officer and a psychologist from
the Children’s Assessment Center. 
Appellant called Grandma Mary, a social worker, a minister, and a teacher
who knew appellant, another friend of appellant who vouched for his character
and indicated that he would offer appellant a part-time job, and appellant
himself.  The jury returned a punishment
of three years in prison. 

          The day after
the verdict on punishment, the trial court held a hearing on the motion to
adjudicate the delivery with cocaine cause. 
Appellant pled true to three violations—committing a new offense,
failing to complete his community service hours, and failing to obtain his
G.E.D.   After adjudicating appellant
guilty, the court informed the parties that it had listened to the evidence
during the punishment phase of the indecency with a child case just concluded and
“of course, will consider all the evidence I’ve heard.”  It then asked the parties if there was any
additional evidence that they wished it to consider.  The State asked the trial court to take
judicial notice of the presentence investigation report; the defense asked the
court to “remember everything that you heard as to this trial,” but offered no
further evidence.  After hearing
arguments—during which the State asked for a fifteen year sentence to run
consecutive to the sentence in the indecency with a child cause and appellant
asked for the minimum five year sentence to run concurrently—the court assessed
punishment at seven years in prison and ordered the sentence to run consecutive
to the three year sentence assessed by the jury in the indecency cause. 




Sufficiency

          In his
first two points of error, appellant challenges the legal and factual
sufficiency to support his conviction for indecency with a child.  Specifically, appellant argues that the
evidence is legally and factually insufficient because the complainant was inconsistent
in her testimony and not credible and because there was no physical evidence
corroborating the complainant’s testimony.  

A.      Standard of Review

          1. 
Legal Sufficiency

In assessing legal sufficiency,
this Court must consider the entire trial record to determine whether, viewing
the evidence in the light most favorable to the verdict, a rational jury could
have found beyond a reasonable doubt that the accused committed all essential
elements of the offense.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden v.
State, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  We must “evaluate all of the evidence in the
record, both direct and circumstantial, whether admissible or
inadmissible.”  Dewberry v. State,
4 S.W.3d 735, 740 (Tex. Crim. App. 1999). 


In conducting a legal-sufficiency
review, we do not reevaluate the weight and credibility of the evidence, but
ensure only that the jury reached a rational decision.  Muniz v. State, 851 S.W.2d 238, 246 (Tex.
Crim. App. 1993).  It is the function of
the trier of fact to resolve any conflict of fact, to weigh any evidence, and
to evaluate the credibility of any witnesses. 
See Dewberry, 4 S.W.3d at 740; Adelman v. State,
828 S.W.2d 418, 421 (Tex. Crim. App. 1992); see also Matson v. State,
819 S.W.2d 839, 843 (Tex. Crim. App. 1991) (quoting Moreno v. State, 755
S.W.2d 866, 867 (Tex. Crim. App. 1988)). 
We therefore resolve any inconsistencies in the evidence in favor of the
verdict, Matson, 819 S.W.2d at 843, and “defer to the jury’s credibility
and weight determinations.” Marshall v. State, 210 S.W.3d 618, 625 (Tex.
Crim. App. 2006). 

2.  Factual sufficiency

          When conducting a factual-sufficiency
review, we view all of the evidence in a neutral light to determine whether the
jury was rationally justified in finding guilt beyond a reasonable doubt.  Grotti v. State, 273 S.W.3d 273, 283
(Tex. Crim. App. 2008).   We will set the verdict aside only if (1) the
evidence is so weak that the verdict is clearly wrong and manifestly unjust or
(2) the verdict is against the great weight and preponderance of the evidence.  Johnson v. State, 23 S.W.3d 1, 11 (Tex.
Crim. App. 2000).  Under the first prong
of Johnson, we cannot conclude that a conviction is “clearly wrong” or
“manifestly unjust” simply because, on the quantum of evidence admitted, we
would have voted to acquit had we been on the jury.  See Watson v. State, 204 S.W.3d
404, 417 (Tex.
Crim. App. 2006).  Under the second prong
of Johnson, we cannot declare that a conflict in the evidence justifies
a new trial simply because we disagree with the jury’s resolution of that
conflict.  Id. 
Before concluding that evidence is factually insufficient to support a
verdict under the second prong of Johnson, we must be able to say, with
some objective basis in the record, that the great weight and preponderance of
the evidence contradicts the jury’s verdict. 
Id.          

In conducting a factual-sufficiency review, we must be
cognizant of the fact that a jury has already passed on the facts and avoid
substituting our judgment for that of the jury.  Lancon v. State, 253 S.W.3d 699, 704–05
(Tex. Crim. App. 2008).  The jury is the
sole judge of the credibility of the witnesses and the weight to be given their
testimony, and may choose to believe all, some, or none of the testimony
presented.  Id. at 707.  We therefore afford almost complete deference
to a jury’s determination when that decision is based on an evaluation of
credibility.  Id. at 705.   In our review, we also must discuss the
evidence that, according to the appellant, most undermines the jury’s
verdict.  Sims v. State, 99 S.W.3d
600, 603 (Tex. Crim. App. 2003).  We may
not find the evidence factually insufficient simply because we disagree with
the verdict, but only because the verdict represents a manifest injustice.  Watson, 204 S.W.3d at 414. 

B.      Analysis

Under both of his sufficiency
complaints, appellant contends that his conviction should be reversed because
the complainant’s testimony was inconsistent and not credible, and the State
did not produce physical evidence that would corroborate her testimony.  

Appellant essentially reurges his jury
arguments at guilt-innocence regarding the weight to be given to the complainant’s
testimony and her credibility, citing to inconsistencies in her testimony such
as whether or not her shorts had a button, and to reasons for questioning
whether she was credible, such as the timing and circumstances of her outcry.  It was within the province of the jury to
make weight and credibility determinations and we must give deference to the
jury’s resolution of those issues.  Marshall,
210 S.W.3d at 625; Lancon, 253 S.W.3d at 705.  A lack of physical evidence does not render
the evidence insufficient; the testimony of a child complainant alone is
sufficient to support a conviction for indecency with a child.  See Tex. Code Crim. Proc. Ann. art. 38.07(a),
(b)(1) (Vernon 2005); Navarro   v. State, 241 S.W.3d 77, 81 (Tex.
App.—Houston [1st Dist.] 2007, pet. denied). 
Reviewing the evidence in the light most favorable to the verdict, we
hold that a rational jury could have found the essential elements of the
offense beyond a reasonable doubt.  See Jackson,
443 U.S. at 319, 99 S. Ct. at 2789.  Likewise,
viewing all of the
evidence in a neutral light, we cannot conclude that the proof of guilt was so
weak that the verdict was clearly wrong or manifestly unjust, nor is the
verdict against the great weight and preponderance of the evidence, see Watson, 204 S.W.3d at 417, and
so hold that the jury was rationally justified in finding guilt beyond a
reasonable doubt.  See Grotti, 273
S.W.3d at 283.

          We overrule appellant’s first and
second points of error in the indecency with a child cause.

“Bolstering”

          In his
third point of error, appellant complains that the trial court erred in
overruling his objection in the following exchange during the cross-examination
of the appellant’s mother in the punishment phase of the indecency with a child
trial:

[State’s
Witness]:          I mean [M.B.] is such a
truth teller that you figure.

 

[Defense
Counsel]:         Your honor, I
object.  She is stating that her [sic] child is a truth teller.

 

[Court]:                          The objection is
overruled.

 

          On appeal,
appellant complains that his mother’s statement was improper bolstering[3]
of the complainant and that the trial court erred in admitting the
statement.  Appellant does not explain
how, or even contend, that error was harmful, but asks that his conviction be
reversed.[4]


          The record
reveals that a prior statement by appellant’s mother at punishment also
testified to the truthful nature of the complainant.[5]  Appellant made no objection to this
statement.  Accordingly, any error in the
later admission of his mother’s subsequent testimony regarding the complainant’s
truthfulness is rendered harmless.  See Anderson v. State, 717 S.W.2d 622,
628 (Tex. Crim. App. 1986) (holding that admission of inadmissible evidence is
render harmless when evidence proving same fact is admitted elsewhere without
objection).  We note also that there is
no evidence in the record that the admittance of such statement had a “substantial
and injurious effect or influence in determining the jury’s verdict.”  See King
v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997); see also Tex. R. App. P.  44.2(b).  The statement occurred at punishment—after the
jury had already determined that the complainant was credible and had so
indicated by returning a verdict of guilt.  Appellant’s mother also went on to testify before
the jury that she did not think that the
complainant “must be telling the truth” in her outcry even though the
complainant had been truthful in the past and that she did not believe that any
offense had occurred.  In the context of
the entire punishment hearing and the sentence assessed,[6]
no harm is shown.

          We overrule
appellant’s third point of error in the indecency with a child cause.

Ineffective Assistance of Counsel

          In his sole
point of error pertaining to his delivery of cocaine conviction, appellant
asserts that his trial counsel was ineffective at his motion to adjudicate
hearing because counsel failed to present any punishment evidence after the
trial court adjudicated him guilty.

A.      Standard
of Review for Contentions
of Ineffective Assistance of Counsel

The United States Constitution, the Texas Constitution, and a
Texas statute guarantee an accused the right to reasonably effective assistance
of counsel.  See U.S. Const. amend. VI; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 1.051
(Vernon Supp. 2009); Strickland v. Washington, 466 U.S. 668, 686, 104 S.
Ct. 2052, 2063 (1984); Ex parte Gonzales, 945 S.W.2d 830, 835 (Tex.
Crim. App. 1997).  To prove ineffective
assistance of counsel, an appellant must show that (1) trial counsel’s
representation fell below an objective standard of reasonableness, based on
prevailing professional norms, and (2) there is a reasonable probability that
the result of the proceeding would have been different but for trial counsel’s
deficient performance.  See Strickland,
466 U.S. at 687–95, 104 S. Ct. at 2064–69; Hernandez v. State, 726 S.W.2d 53, 55–57
(Tex. Crim. App. 1986) (applying Strickland test to review of claim of
ineffective assistance of counsel under Texas statutes and constitutional
provisions). Under Strickland, the appellant “must prove, by a
preponderance of the evidence, that there is, in fact, no plausible
professional reason for a specific act or omission.”   Bone v. State, 77 S.W.3d 828, 836 (Tex. Crim. App.
2002).  The appellant must also show a
reasonable probability that, but for counsel’s error, the result of the
proceeding would have been different.  Id.
at 833.  

          Judicial scrutiny of counsel’s
performance must be highly deferential, and the defendant must overcome the
presumption that, under the circumstances of the case, the challenged action
might be considered sound trial strategy. Strickland, 466 U.S. at 689,
104 S. Ct. at 2065.  We apply a strong
presumption that trial counsel was competent and presume that counsel’s actions
and decisions were reasonably professional and motivated by sound trial
strategy.  Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994).  In
the majority of cases, the record on direct appeal will be insufficient for an
appellant to demonstrate deficient performance under the first part of the Strickland
standard because the reasonableness of counsel’s choices often involves
facts not appearing in the appellate record and the record does not adequately
reflect the motives behind trial counsel’s actions.  Rylander v. State, 101 S.W.3d 107, 110–11
(Tex. Crim. App. 2003).   

B.      Analysis

          In this point of error,
appellant contends that his trial counsel was ineffective at his motion to
adjudicate hearing because counsel did not call witnesses to testify or
otherwise put on mitigating evidence at the motion to adjudicate hearing after
the trial court adjudicated him guilty.  We
note that the trial court twice[7]
informed the parties that it would consider at the motion to adjudicate hearing
all evidence admitted at the punishment phase of the indecency with a child
case—presumably to indicate to the parties that there was no need to repeat the
punishment evidence at the motion to adjudicate hearing.  Thus all of the testimony offered at the
punishment phase of the indecency with a child case was before the trial court
for its consideration prior to assessing the sentence in the delivery of
cocaine case.  This was sufficient to
meet the requirement that appellant have an opportunity to present mitigating
evidence prior to sentencing.  See Hardeman v. State, 1 S.W.3d 689, 691
(Tex. Crim. App. 1999) (holding that appellant must have opportunity to present
evidence of mitigation, but it is “immaterial that the presentation of the
evidence [of mitigation] occurred before the actual words of adjudication.”). 

Appellant argues that trial counsel
could have called him and his mother to testify at the motion to adjudicate
hearing regarding appellant’s efforts to complete community service, his completion
of two drug programs, and his willingness to attend and complete all sex
offender programs.  However, the trial
court had already heard from appellant and his mother two days earlier
regarding his ability and willingness to comply with conditions of community
service, her willingness to help him, and his efforts to complete his community
service hours.  Appellant’s mother also testified
that she did not know if appellant was doing the programs that he was required
to do while on community supervision—therefore she could not have provided
testimony regarding either community service hours or the drug programs.  Appellant’s community supervision officer testified
that appellant had completed the two drug programs.

Thus all the testimony that
appellant argues should have been presented to the trial court at the motion to
adjudicate hearing was already before the court.  Also before the court were other portions of
appellant’s testimony and that of his mother that were not helpful to
appellant, such as statements from appellant that he did not want probation as
he was not clear that it could help him and that he could not see the benefits
of being on probation, and a statement from his mother that she had allowed him
to claim to the community service department that he was living with her while
on community supervision, even though he was actually living elsewhere. 

Appellant relies on Milburn v. State for his contention that
the failure of his trial counsel to call him or his mother to testify at the
motion to adjudicate was ineffective.  See Milburn v. State, 15 S.W.3d 267
(Tex. App.—Houston [14th Dist.] 2000, pet. ref’d).  However, Milburn
involved a jury trial where the trial counsel presented no witnesses for the
jury’s consideration despite their availability to testify and present favorable
evidence and counsel had wholly failed to investigate or evaluate potential
favorable witness testimony.  Id. at 269–70.  Thus, in Milburn,
because of counsel’s lack of preparation, the jury had nothing before it to
counter the State’s negative punishment testimony.  In the case before us, trial
counsel actually presented testimony to the trial court on the very matters
that appellant now asserts should have been presented, and the trial court took
such evidence into consideration.  This
case is not like Milburn—trial
counsel clearly investigated, evaluated witnesses, and presented their
favorable testimony before the court for its consideration.  While counsel did not actually recall the
witnesses to repeat their testimony two days later, such action does not
clearly fall below an objective standard of reasonableness under the
circumstances of this case where the trial court had already affirmatively
stated that it was considering such evidence in its decision on the motion to
adjudicate.  If trial counsel had put the
witnesses on the stand a second time and required the trial court to listen to
a repeat of the testimony it had just heard, in spite of the court’s statement
that it would consider such evidence, such action might have been viewed
adversely by the court and had negative consequences for appellant.  It also would have opened the door to further
damaging statements from both witnesses unnecessarily as the favorable evidence
they could have offered was already before the trial court. There is also no
evidence in the record that, had trial counsel put appellant and his mother
back on the stand to repeat their prior testimony, the trial court would have
likely assessed a lower sentence.  

We hold that neither prong of Strickland has been met, and we overrule appellant’s sole point of
error in his delivery of cocaine cause.              


Conclusion

We affirm
the judgments of the trial court in each cause number.

 

 

                                                                   Jim
Sharp

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Bland and Sharp.

Do not
publish.   Tex. R. App. P. 47.2(b).











[1]             More than one gram but less
than four grams. Trial court cause number
1009574; appellate court cause number 01-07-00944-CR. See Tex. Health & Safety
Code Ann. §§ 481.112(a),(c), 481.102,  481.134 (Vernon Supp. 2009).

 





[2]             Trial court cause number 1094476; appellate court
cause number 01-07-00943-CR.  See Tex.
Penal Code Ann. § 21.11(a)(1), (c)(1) (Vernon Supp. 2009).





[3]          Bolstering occurs when one piece of evidence
is improperly used to add credence or weight to some earlier unimpeached piece
of evidence offered by the same party.  Rivas v. State, 275 S.W.3d 880, 885
(Tex. Crim. App. 2009).  The Texas Court
of Criminal Appeals has expressed disfavor toward the “inherent[ly]
ambigu[ous]” objection of “bolstering,” but has held that objections to the
admission of evidence are preserved if more specific grounds than “bolstering”
are made.  Id. at 886–87.

 





[4]             We note that the complained-of statement occurred at
punishment.  Therefore, if there was any
harmful error in its admission, appellant would be entitled only to a new trial
on punishment, not a reversal of his conviction on guilt-innocence.  See
Tex. Code Crim. Proc. Ann. art.
44.29 (b) (Vernon Supp. 2009); see also
Lopez v. State, 18 S.W.3d 637,  639–40 (Tex. Crim. App. 2000).  

 





[5]             Appellant’s mother was asked “And [child] was a
truthful kid as far as you know, right?” to which she answered, “Yes.” 

 





[6]             We note that the State requested the jury to assess no
less than ten years in prison. 
Appellant’s counsel asked for community supervision or, alternatively,
between two and five years’ imprisonment. 
The jury assessed punishment at three years’ incarceration.





[7]               The
trial court told the parties that it would do so at the commencement of the
punishment hearing in the indecency with a child cause and at the commencement
of the sentencing portion of the motion to adjudicate.