Affirmed and Memorandum Opinion filed August 31, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00430-CR

___________________

 

Jose Avitua Soto, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 262nd District Court

Harris County,
Texas



Trial Court Cause No. 1141678

 



 

 

MEMORANDUM OPINION

Following a jury trial, appellant
Jose Avitua Soto was convicted of indecency with a child and sentenced to
imprisonment for a period of ten years and one day.  In a single issue, appellant
contends that the evidence is factually insufficient to sustain his
conviction.  We affirm.  

On the evening of December 11, 2006, nine year old
Z.G. was walking through her apartment complex when she was approached by
appellant.  According to Z.G., appellant held out his arms to block her path, then
pointed to her genitalia and asked “What is that?” or “What is this?”  Z.G. became
frightened and responded, “No, no, no.”  Appellant then put his hand underneath
Z.G.’s shorts and underwear and touched the outside of her vagina with his
finger.  Z.G. managed to get away from appellant and ran back to her apartment,
where she told her grandmother, Wanda Harris, that a man had touched her
vagina.  Harris then called the police.

Officer Angel Silva responded to Harris’s 911 call. 
Z.G. described appellant’s appearance to Officer Silva and provided the
apartment number where she believed appellant lived.  Officer Silva went to
that apartment to try to speak with appellant.  Appellant was not home at the
time, so Officer Silva left the complex and began writing a police report.  A
short time later, Officer Silva returned to the complex after being notified
that appellant had called the police.  Appellant met Officer Silva and stated
that appellant’s roommate told appellant that the police were looking for him. 
Apellant said he was worried about the allegations made against him.  Appellant
also told Officer Silva that Z.G. ran up to him while he was walking through
the complex’s courtyard that evening and asked if she could have some money to
buy crayons and a coloring book.  Appellant told her that he would give her
some money but, as he reached for his pocket, his left knee gave out. 
Appellant reached for a brick wall to steady himself and recalled his elbow
brushing against Z.G.’s body.  This contact startled Z.G., who immediately ran
away from appellant.

After Officer Silva spoke with appellant, the
complaint was transferred to the Houston Police Department’s juvenile sexual
crimes division.  Several months later, Z.G. picked appellant’s photograph out
of a photo array and identified appellant as the man who touched her genitals. 
Appellant was subsequently indicted for indecency with a child.  In his sole
issue on appeal, appellant contends the evidence is factually insufficient to
support his conviction.[1]

When
conducting a factual sufficiency review, we view all the evidence in a neutral
light and will set aside the verdict only if we are able to say, with some
objective basis in the record, that the conviction is clearly wrong or
manifestly unjust because the great weight and preponderance of the evidence
contradicts the jury’s verdict.  Watson v. State, 204 S.W.3d 404, 414–17
(Tex. Crim. App. 2006).  We cannot declare that a new trial is justified
because we disagree with the jury’s resolution of a conflict in the evidence,
and we will not intrude upon the fact-finder’s role as the sole judge of the
weight and credibility of witness testimony.  See id. at 417; Fuentes
v. State, 991 S.W.2d 267, 271–72 (Tex. Crim. App. 1999).  The jury may
choose to believe all, some, or none of the testimony presented.  Chambers
v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991); In re A.B.,
133 S.W.3d 869, 872 (Tex App.—Dallas 2004, no pet.).  In our review, we discuss
the evidence appellant claims is most important in allegedly undermining the
jury’s verdict.  Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App.
2003).  If we determine the evidence is factually insufficient, we must explain
in exactly what way we perceive the conflicting evidence to greatly
preponderate against conviction.  Watson, 204 S.W.3d at 414–17.

A person commits the offense of indecency with a
child if the person engages in sexual contact with a child younger than seventeen
years of age.  Tex. Penal Code Ann.
§ 21.11(a)(1) (Vernon Supp. 2009).  Sexual contact means any touching of
the anus, breast, or any part of the genitals of the child, if the act is
committed with the intent to arouse or to gratify the sexual desire of any
person.  Id. § 21.11(c)(1).

Appellant argues the evidence is factually
insufficient because his behavior and actions do not suggest his contact with
Z.G. was made with the intent to arouse or gratify the sexual desire of any
person.  An individual acts with intent when it is the individual’s conscious
desire or objective to engage in the conduct or cause the result.  Id. § 6.03(a)
(Vernon 2003).  Intent is generally a question for the jury.  Reed v. State,
158 S.W.3d 44, 48 (Tex. App.—Houston [14th Dist.] 2005, pet. ref’d).  The specific
intent to arouse or gratify the sexual desire of any person can be inferred
from the defendant’s conduct, his remarks, and all the surrounding
circumstances.  McKenzie v. State, 617 S.W.2d 211, 216 (Tex. Crim. App. [Panel
Op.] 1981); McDonald v. State, 148 S.W.3d 598, 600 (Tex. App.—Houston
[14th Dist.] 2004), aff’d, 179 S.W.3d 571 (Tex. Crim. App. 2005).  An
oral expression of intent is not required; conduct itself may be sufficient to
infer intent.  See Navarro v. State, 241 S.W.3d 77, 79 (Tex. App.—Houston
[1st Dist.] 2007, pet. ref’d); Villanueva v. State, 209 S.W.3d 239, 246
(Tex. App.—Waco 2006, no pet.).

Here, appellant’s intent to arouse or gratify the
sexual desire of any person can be inferred from Z.G.’s testimony that appellant
blocked her path, pointed to and asked about her genitalia, and touched her
vagina after reaching under her shorts and underwear.  See Connell v. State,
233 S.W.3d 460, 467 (Tex. App.—Fort Worth 2007, no pet.) (finding appellant’s
intent to arouse and gratify sexual desire where appellant touched
complainant’s genitals and anus during “massages”); Gottlich v. State,
822 S.W.2d 734, 741 (Tex. App.—Fort Worth 1992, pet ref’d) (finding testimony
of complainant that appellant placed his hand inside her underwear and touched
her genitals was sufficient for jury to infer element of intent to arouse or
gratify sexual desire), abrogated on other grounds by Arevalo v. State,
943 S.W.2d 887, 888–90 (Tex. Crim. App. 1997); see also, e.g., McDonald,
148 S.W.3d at 600 (intent to arouse or gratify sexual desire can be inferred
from the accused’s conduct and remarks, as well as the surrounding
circumstances).  The testimony of a child victim, standing alone, is sufficient
evidence to support appellant’s conviction for indecency with a child.  See Tex. Code Crim. Proc. Ann. art. 38.07
(Vernon 2005); Sansom v. State, 292 S.W.3d 112, 122–23 (Tex.
App.—Houston [14th Dist.] 2008, pet. ref’d) (mem. op.); Navarro, 241
S.W.3d at 81.

Appellant contends that several factors in this case
support an inference that he “did not intend to derive any sexual
gratification from his accidental contact with [Z.G.]”  In support of this
contention, appellant points to the testimony of an assistant manager at his apartment
complex, who indicated that appellant walked with a “fairly bad limp.” 
Appellant argues this evidence supports his statement to Officer Silva that his
knee simply gave out, causing him to brush against Z.G. while falling. 
Appellant also points to his behavior after the incident in cooperating with
police, not attempting to contact Z.G. in order to persuade her to change her
story, and not moving away from the apartment complex.  Appellant further argues
that Z.G.’s testimony lacks credibility because she stated that she had only
seen him once prior to the incident, while other evidence indicated that
appellant had approached Harris multiple times in Z.G.’s presence in an effort
to strike up a relationship with Harris.  Through these arguments, appellant is
essentially challenging the weight and credibility of the testimony at trial. 
The weight to give any contradictory or inconsistent testimonial evidence is
within the sole province of the jury, as these determinations turn on an
evaluation of witness credibility and demeanor.  See Lancon v. State,
253 S.W.3d 699, 705 (Tex. Crim. App. 2008); Cain v. State, 958 S.W.2d
404, 408–09 (Tex. Crim. App. 1997).  A reviewing court may only disagree with
the jury’s resolution of conflicting or inconsistent evidence when necessary to
prevent manifest injustice.  See Wootton v. State, 132 S.W.3d 80, 88
(Tex. App.—Houston [14th Dist.] 2004, pet. ref’d).  A jury’s decision is not
manifestly unjust simply because the jury resolved evidentiary conflicts in
favor of the State.  Id. (citing Cain, 958 S.W.2d at 410).

Viewing all the evidence in a neutral light, we do
not find that the jury’s verdict is so contrary to the overwhelming weight of
the evidence as to be clearly wrong and unjust, nor is the verdict against the
great weight and preponderance of the evidence.  Accordingly, the evidence is
factually sufficient to support appellant’s conviction.  See Watson, 204
S.W.3d at 417.  We overrule appellant’s sole issue and affirm the judgment of
the trial court.  

                                                                                    /s/        Leslie
B. Yates                                                                                                                                                                                                                      

                                                                                                Justice

 

 

 

Panel consists of Chief
Justice Hedges and Justices Yates and Boyce.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1] A factual sufficiency
review begins with the presumption that the evidence supporting the jury’s
verdict is legally sufficient.  Santellan v. State, 939 S.W.2d 155, 164
(Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim.
App. 1996).  By challenging only the factual sufficiency of the evidence,
appellant “effectively concedes the evidence is legally sufficient to sustain
the conviction.”  Newby v. State, 252 S.W.3d 431, 435 n.1 (Tex.
App.—Houston [14th Dist.] 2008, pet. ref’d).