Domingo NAVARRO, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–06–00212–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 22, 2007.

Discretionary Review Refused
Oct. 3, 2007.

Emily Munoz Detoto, Houston, for Appellant.

Charles A. Rosenthal, Jr., District Attorney–Harris County, Jessica A. Caird, Asst. District Atty., Houston, for The State.

Panel consists of Justices NUCHIA, KEYES, and HIGLEY.

## OPINION

EVELYN V. KEYES, Justice.

A jury convicted appellant, Domingo Navarro, of indecency with a child by exposure. *See* TEX. PEN.CODE ANN. § 21.11(a)(2) (Vernon 2003). The jury assessed punishment at 10 years' imprisonment, but rec-

ommended that the sentence be suspended and appellant placed on community supervision for 10 years. In two points of error, appellant contends that the evidence is legally and factually insufficient to support a finding of guilt.

We affirm.

## Facts

At the time of the offense, appellant lived with Martha Vallarta, the grandmother of the 12–year–old complainant, R.V. At the time of trial, appellant and Vallarta had been living together for 14 years, and, according to R.V., appellant had "been around" as long as she could remember.

On January 14, 2005, R.V.'s mother dropped her off at Vallarta's house for the weekend. Sometime the next day, according to Vallarta, Vallarta and R.V. argued over R.V.'s use of the phone, and R.V. said, "You're going to regret taking away the phone from me." Later that night, R.V. went to her grandmother's bedroom and asked appellant if she could use the phone. The phone was lying on the bed between appellant and her grandmother, who was sleeping. According to R.V., appellant said nothing in response to her request, but rather turned around and pulled down his shorts so R.V. could see his penis. Appellant then repeatedly whispered to R.V. for her to lift up her shirt. In response, R.V. yelled at appellant to give her the phone, waking her grandmother. Appellant immediately covered himself with a blanket and began changing the channels on the television.

The following Tuesday at school, R.V. approached Heather Barrett, her former English teacher, and said, "I have something to tell you." When Barrett asked R.V. what was wrong, R.V. began to cry and said, "That's it. That's the final straw. That's just it." R.V. then told Barrett how

appellant would have his pants down and make her look at his penis. R.V. also explained to Barrett how the year before she had thought she might be pregnant because appellant had come into her room one night, gotten on top of her, and penetrated her vagina with his penis. Once Barrett and R.V. had finished talking, Barrett called R.V.'s mother, Sanjuanita Villanueva, and the deputy assigned to R.V.'s school.

At trial, R.V. testified about several occasions, in addition to the January 2005 incident after which she approached Barrett, when appellant had exposed himself or had touched her inappropriately. The first time appellant touched her, R.V. was in the second grade; she was watching television, and he touched her breasts over her shirt. Sometimes, when visiting Vallarta, R.V. would sleep between appellant and Vallarta, and appellant would reach inside her clothes and touch her breasts and private parts. On several occasions, appellant had pulled down his shorts, revealing his penis. Once, appellant put R.V.'s hand on his penis and moved it up and down. Another time, when R.V. was 12 years old, she awoke to find appellant standing over her with his pants at his knees and pulling down her shorts; he then climbed on top of her and penetrated her vagina with his penis.

## Analysis

When an appellant challenges both the legal and factual sufficiency of the evidence, we must first determine whether the evidence is legally sufficient to support the verdict. *Harmond v. State*, 960 S.W.2d 404, 406 (Tex.App.-Houston [1st Dist.] 1998, no pet.).

### *Legal Insufficiency*

In his first point of error, appellant argues that the evidence is legally insuffi-

cient to prove that he exposed his genitals with the "intent to arouse or gratify the sexual desire of [R.V.]."

We review the legal sufficiency of the evidence by viewing the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex.Crim.App.2000); *King v. State*, 29 S.W.3d 556, 562 (Tex.Crim.App.2000). Although our analysis considers all the evidence presented at trial, we may not reweigh the evidence and substitute our judgment for that of the fact finder. *King*, 29 S.W.3d at 562.

Appellant was charged with indecency with a child by exposure. To prove this offense, the State must show that, with intent to arouse or gratify the sexual desire of any person, the accused (1) exposed his anus or any part of his genitals knowing that a child, younger than 17 years and not his spouse, was present or (2) caused the child to expose the child's anus or any part of the child's genitals. *See* TEX. PEN. CODE ANN. § 21.11(a)(2). Here, the indictment specifically alleged that appellant intentionally and knowingly exposed his genitals with the intent to "arouse and gratify the sexual desire of [R.V.]." Thus, the State was required to prove that appellant exposed his genitals with intent to arouse the sexual desire of not just *any* person, but the sexual desire of R.V. *See id.*

The requisite specific intent under Texas Penal Code section 21.11(a)(2) may be inferred from the defendant's conduct, his remarks, and all surrounding circumstances. *McKenzie v. State*, 617 S.W.2d 211, 216 (Tex.Crim.App.1981); *Santos v. State*, 961 S.W.2d 304, 308 (Tex.App.-Houston [1st Dist.] 1997, pet. ref'd). An oral expression of intent is not required.

*Sendejo v. State*, 26 S.W.3d 676, 678 (Tex. App.-Corpus Christi 2000, pet. ref'd).

R.V. testified that on January 15, 2005 when she asked appellant if she could use the phone, he pulled down his shorts to expose his penis and repeatedly asked R.V. to lift up her shirt. From this evidence, the jury could have inferred that appellant exposed his genitals to R.V. with intent to arouse or gratify her sexual desire. *See McKenzie*, 617 S.W.2d at 216; *Santos*, 961 S.W.2d at 308. Even if this alone were insufficient for a finding of intent, the fact that appellant had, on previous occasions, exposed his genitals; put R.V.'s hand on his penis and moved it up and down; touched her breasts and her private parts; and pulled down her shorts, climbed on top of her, and penetrated her vagina with his penis is additional evidence of intent. *See Morgan v. State*, 692 S.W.2d 877, 880–81 (Tex.Crim.App.1985) (finding extraneous offense evidence admissible to show intent when "defendant's conduct, his remarks and all surrounding circumstances" fail to establish the requisite intent); *see also Abbott v. State*, 196 S.W.3d 334, 341 (Tex.App.-Waco 2006, pet. ref'd) (considering evidence that appellant had committed same conduct on other occasions as additional evidence of intent under section 21.11).

Appellant argues, however, that in a case, like this one, where the State was required to prove that the accused committed the offensive act with intent to arouse or gratify the sexual desire of another person, that other person must be actively involved in the act or the accused must at least attempt to include and arouse the other person by words or actions, or both. To support his position, appellant relies on *Underwood v. State*. *See* No. 04–166, 2005 WL 77135 (Tex.Crim.App. Nov.10, 2004) (not designated for publication). In *Underwood*, the appellant was convicted of public

lewdness for brushing up against the genitals of an undercover police officer during a private dance at a topless bar.[1] *Id.* at *1–2. On appeal, the appellant argued that the evidence was legally insufficient to show that she had touched the officer's genitals with intent to arouse or gratify the sexual desire of the officer. *See id.* at *2. The Court of Criminal Appeals disagreed, holding that the evidence that the appellant had removed her dress, was wearing no lingerie, stood and danced in front of the officer, stood between his legs and touched his genitals with her knee and thigh, and touched his genitals with her buttocks when she sat on his lap was evidence, when viewed in the light most favorable to the prosecution, from which any rational trier of fact could have found that she touched the officer with intent to arouse his sexual desire. *Id.*

The evidence in *Underwood* that the appellant had physically touched the officer—the evidence of "inclusion" to which we assume appellant is referring—was certainly relevant to the court's holding. The court cited no authority, however, nor can we find any, holding that this type of evidence was necessary for a finding that the appellant had touched the officer with intent to arouse his sexual desire.[2] Rather, the offense of which the appellant was convicted—engaging in an act of sexual *contact* in a public place [3]—necessarily required that the appellant touch the officer in a sexual way—*i.e.,* include the officer in the offensive act. Thus, the *Underwood* court reviewed the evidence that the appellant had touched the officer not as a factor necessary for a finding of intent, but in the light most favorable to the verdict to determine whether the jury could have found that the appellant, by touching the officer's genitals, intended to arouse the officer's sexual desire. *See id.*

After reviewing the evidence in the light most favorable to the verdict, we hold there is sufficient evidence from which a rational trier of fact could have found that appellant exposed his genitals with intent to arouse or gratify the sexual desire of R.V. *See* TEX. PEN.CODE ANN. § 21.11(a)(2); *Wesbrook,* 29 S.W.3d at 111; *King,* 29 S.W.3d at 562.

We overrule appellant's first point of error.

### Factual Sufficiency

■ In his second point of error, appellant contends that the evidence is too weak to support a finding of guilt beyond a reasonable doubt and that the contrary evidence is strong enough that the beyond-

---

1. Under the Texas Penal Code, a person commits an offense when he knowingly engages in an act of sexual contact in a public place. TEX. PEN.CODE ANN. § 21.07(a)(3) (Vernon 2003). The Texas Penal Code defines "sexual contact" as "any touching of the anus, breast, or any part of the genitals of another person *with intent to arouse or gratify the sexual desire of any person."* *Id.* § 21.01(2) (Vernon Supp.2006) (emphasis added).

2. In fact, we have found the opposite. In an unreported 2002 opinion, we found the evidence that, as the complainant drove past the appellant sitting on a chair in his driveway, the appellant spread his legs and exposed his genitals through the leg of his shorts, slipped his hand in his shorts and exposed his private parts, and later, when the complainant returned with a witness, had one side of his shorts pulled up as he played with his testicles, was legally sufficient to support a finding that the appellant intended to arouse or satisfy the sexual desire of the complainant. *Caldwell v. State,* No. 01–00–00820–CR, 2002 WL 1821984, at *1–2 (Tex.App.-Houston [1st Dist.] Aug. 8, 2002, pet. ref'd) (not designated for publication). The appellant in no way physically touched the complainant nor was the complainant actively involved in the appellant's actions; the complainant was merely a spectator.

3. *See* TEX. PEN.CODE ANN. § 21.07(a)(3).

a-reasonable-doubt standard could not have been met.

We begin the factual sufficiency review with the presumption that the evidence supporting the jury's verdict is legally sufficient. *Clewis v. State*, 922 S.W.2d 126, 134 (Tex.Crim.App.1996). We view all of the evidence in a neutral light,[4] and we will set the verdict aside only if the evidence is so weak that the verdict is clearly wrong and manifestly unjust or the verdict is against the great weight and preponderance of the evidence. *Johnson v. State*, 23 S.W.3d 1, 10–11 (Tex.Crim.App.2000). Regarding the second basis for a finding of factual insufficiency, "an appellate court must ... be able to say, with some objective basis in the record, that the great weight and preponderance of the (albeit legally sufficient) evidence contradicts the jury's verdict before [the court] is justified in exercising its appellate fact jurisdiction to order a new trial." *Watson v. State*, 204 S.W.3d 404, 417 (Tex.Crim.App.2006) (emphasis omitted). For a review of factual sufficiency, we must consider the most important evidence that the appellant claims undermines the verdict. *Sims v. State*, 99 S.W.3d 600, 603 (Tex.Crim.App.2003).

■ We do not agree with appellant that the evidence presented at trial is too weak to support a finding of guilt beyond a reasonable doubt. R.V. testified that when she asked appellant if she could use the phone, he pulled down his shorts to expose his penis. She further testified that when she shouted to wake her sleeping grandmother, appellant immediately covered himself with a blanket and began changing the channels on the television. The testimony of a child victim alone is sufficient to support a conviction for indecency with a child. TEX.CODE CRIM. PROC. ANN. § 38.07 (Vernon 2005); *Lee v. State*, 176 S.W.3d

452, 458 (Tex.App.-Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex.Crim. App.2006).

Nor do we agree with appellant that the contrary evidence is strong enough that the beyond-a-reasonable-doubt standard could not have been met. At trial, Vallarta testified that on January 15, 2005, before appellant exposed his genitals to R.V., R.V. and her grandmother had argued over R.V.'s use of the phone and R.V. had said, "You're going to regret taking away the phone from me." According to appellant, this testimony "directly contradicts" the story R.V. told the jury. This argument, however, goes directly to the credibility of R.V. as a witness, which is a matter for the determination of the jury. *See Guajardo v. State*, 176 S.W.3d 402, 405 (Tex.App.-Houston [1st Dist.] 2004, pet. ref'd). Our evaluation may not intrude upon the fact finder's role as the sole judge of the weight and credibility accorded any witness's testimony. *Cain v. State*, 958 S.W.2d 404, 407 n. 4 (Tex.Crim.App. 1997). What weight to be given contradictory testimonial evidence is within the sole province of the fact finder because it turns on an evaluation of credibility and demeanor. *Id.* at 408–09. The fact finder may choose to believe all, some, or none of the testimony presented. *Hughes v. State*, 897 S.W.2d 285, 289 (Tex.Crim.App.1994). We must defer to the fact finder to avoid substituting our judgment for its judgment. *See Johnson*, 23 S.W.3d at 12.

Thus, after neutrally examining all the evidence, we find that the proof of guilt was not so weak that the verdict is clearly wrong or manifestly unjust; nor is the verdict against the great weight and preponderance of the evidence. *See Johnson*, 23 S.W.3d at 10–11.

---

**4.** *Ladd v. State,* 3 S.W.3d 547, 557 (Tex.Crim. App.1999).

We overrule appellant's second point of error.

## Conclusion

We affirm the judgment of the trial court.