COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| FRANKIE HERMOSILLO, | § | No. 08-07-00205-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 297th District Court |
| THE STATE OF TEXAS, | § | |
| | | of Tarrant County, Texas |
| Appellee. | § | |
| | | (TC#0994246D) |
| | § | |

**O P I N I O N**

This is an appeal from convictions for three counts of aggravated sexual assault of a child under fourteen years of age, and one count of indecency with a child by contact. The jury assessed punishment at ninety-nine years' imprisonment on each count of aggravated sexual assault, and twenty years' imprisonment on the indecency with a child count.

**FACTUAL SUMMARY**

The complainant was twelve years old at the time of trial. Appellant is her father. When she was between the ages of six and nine years old, Appellant began inserting his fingers into her vagina and rectum in the morning after his wife left for work. He would also insert his penis in her vagina. This activity occurred more than twenty times and Appellant warned her he would go to jail if she told anyone. She did not tell because she was afraid.

Dr. Jamye Coffman was the medical director of the CARE team, a child abuse program at Cook Children's Medical Center in Fort Worth, Texas. She performed an evaluation on the complainant on September 7, 2005, ten days after the last instance of contact. It was not possible to obtain any DNA evidence after that length of time. The physical exam revealed a cleft on the

child's hymen, but it was inconclusive as to what had caused it.  Dr. Coffman testified that sexual penetration can occur without any trauma to the hymen, or even without touching the hymen at all. The child related to her a pattern of sexual abuse similar to what she described to the jury.

Just prior to the child's eleventh birthday, her mother found her crying in her room. Appellant was watching television.  The complainant confided in her about the sexual abuse. Appellant denied abusing the child and called her a liar.

## SUFFICIENCY OF THE EVIDENCE

In his sole issue for review, Appellant contends that the evidence is legally insufficient to support the conviction.  Specifically, he argues that the lack of physical evidence calls the validity of the conviction into question.

In reviewing the legal sufficiency of the evidence to support a criminal conviction, we must review all the evidence, both State and defense, in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979); *Lane v. State*, 151 S.W.3d 188, 191-92 (Tex.Crim.App. 2004).  We do not resolve any conflict of fact or assign credibility to the witnesses, as it was the function of the trier of fact to do so. *See Adelman v. State*, 828 S.W.2d 418, 421 (Tex.Crim.App. 1992); *Matson v. State*, 819 S.W.2d 839, 843 (Tex.Crim.App. 1991).  Instead, our duty is only to determine if both the explicit and implicit findings of the trier of fact are rational by viewing all of the evidence admitted at trial in a light most favorable to the verdict.  *Adelman*, 828 S.W.2d at 422.  In so doing, any inconsistencies in the evidence are resolved in favor of the verdict. *Matson*, 819 S.W.2d at 843.

A person commits the offense of aggravated sexual assault of a child if he intentionally or knowingly causes (1) the penetration of the child's sexual organ by any means, (2) the penetration

of the mouth of a child by the sexual organ of the actor, or (3) the sexual organ of a child to contact the sexual organ of another person, including the actor, and the child is younger than fourteen years of age. TEX.PENAL CODE ANN. § 22.021(a)(1)(B)(i)(ii)(iii); (2)(B) (Vernon Supp. 2008). A person commits the offense of indecency with a child if, with a child younger than 17 years and not the person's spouse, he engages in sexual contact with the child or causes the child to engage in sexual contact. TEX.PENAL CODE ANN. § 21.11(a)(1) (Vernon 2003). "Sexual contact" means any touching, including touching through clothing, of the breast or any part of the genitals of the child if committed with the intent to arouse or gratify the sexual desire of any person. TEX.PENAL CODE ANN. § 21.11(c)(1) (Vernon 2003).

In a prosecution for sexual assault, penetration may be proven by circumstantial evidence. *Nilsson v. State*, 477 S.W.2d 592, 595 (Tex.Crim.App. 1972). A child victim's testimony alone is sufficient evidence of penetration. *Garcia v. State*, 563 S.W.2d 925, 928 (Tex.Crim.App. 1978). Penetration, within the meaning of Sections 22.011 or 22.021 of the Texas Penal Code, occurs so long as contact with the female sexual organ could reasonably be regarded by ordinary English speakers as more intrusive than contact with the outer vaginal lips. *Vernon v. State*, 841 S.W.2d 407, 409 (Tex.Crim.App. 1992). Penetration of the vaginal canal is not required to prove penetration under the statute. *Id.* Evidence of the slightest penetration is sufficient. *Id.* "Female sexual organ" is a more general term than "vagina" and refers to the entire female genitalia, including both vagina and the vulva. *Aylor v. State*, 727 S.W.2d 727, 729-30 (Tex.App.–Austin 1987, pet. ref'd).

There is no requirement that a child victim's testimony be corroborated by medical or physical evidence. *See Garcia*, 563 S.W.2d at 928; *Tear v. State*, 74 S.W.3d 555, 560 (Tex.App.–Dallas 2002, pet. ref'd); *Empty v. State*, 972 S.W.2d 194, 196 (Tex.App.–Dallas 1998, pet. ref'd); *Karnes v. State*, 873 S.W.2d 92, 96 (Tex.App.–Dallas 1994, no pet.). The specific intent

to arouse or gratify the sexual desire of a person can be inferred from a defendant's conduct, remarks, or all the surrounding circumstances. *See McKenzie v. State*, 617 S.W.2d 211, 216 (Tex.Crim.App. [Panel Op.] 1981); *Navarro v. State*, 241 S.W.3d 77, 79 (Tex.App.–Houston [1st Dist.] 2007, pet. ref'd).

Nevertheless, Appellant argues that the complainant's testimony is insufficient to support his convictions because, "Given the age of the victim at the time of the offense . . . it defies logic that no physical findings would be present in this victim." But Dr. Coffman explained that there can be sexual penetration without any trauma. The lack of physical evidence does not render the evidence insufficient. Reviewing the evidence under the appropriate standards, we conclude it was legally sufficient to support Appellant's three convictions for aggravated sexual assault and one conviction for indecency with a child. We overrule Appellant's sole issue and affirm the judgment of the trial court.

ANN CRAWFORD McCLURE, Justice

April 9, 2009

Before Chew, C.J., McClure, and Carr, JJ.
Carr, J., not participating

(Do Not Publish)