Affirmed
and Memorandum Opinion filed August 13, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00953-CR

____________

 

TRACY RICHARDSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 180th
District Court

Harris County, Texas

Trial Court Cause No. 1123193

 



 

M E M O R A N D U M   O P I N I O N

A jury found appellant, Tracy Richardson,
guilty of the felony offense of indecency with a child.  Tex. Penal Code Ann. ' 21.11 (Vernon
2003).  The jury assessed punishment at forty-five years' confinement in the
Institutional Division of the Texas Department of Criminal Justice and imposed
a  $10,000 fine.  Appellant challenges the factual sufficiency of the evidence.
We affirm.

 








Factual and Procedural Background

On June 5, 2007, Nancy, a fourteen year
old girl, was walking home from her grandmother=s house in the
4200 block of Alvin Street in Houston, Texas.[1] 
Nancy testified that while walking home she saw appellant and her cousin=s boyfriend in
appellant=s driveway.[2]  
When Nancy passed by appellant=s house appellant grabbed her wrist. 
Nancy=s cousin=s boyfriend got in
his car and drove away at that point.  Appellant then grabbed Nancy around the
neck and his elbow was choking her.  Next, appellant put his right arm around
Nancy=s waist and pulled
her close to him so Nancy=s behind was on his pelvis.  Nancy asked
appellant to let her go.  Nancy testified that appellant then touched her
breast over her clothes with the palm of his hand.  Nancy explained that the
touch was Amore like he like kind of grabbed it, instead of just
rubbing across it like it was on accident@ and she Afelt like it wasn=t on [sic]
accident.@  According to Nancy, during the incident, appellant
talked about how she was developing quickly and was shaped like her mother. 
While talking to Nancy, appellant=s lips brushed her
neck.  Nancy testified she felt appellant was not joking when he was talking to
her.  Nancy and appellant struggled a bit, but appellant let her go after she
elbowed him.  Nancy  then went straight home and into her room.

Nancy=s mother testified
when Nancy arrived home she was walking quickly and looked upset.  Nancy=s mother asked her
if anything was wrong and Nancy responded Anothing.@  Her mother did
not think much of it since Nancy was a teenager.  Her mother testified Nancy
did not act like herself for the rest of the evening.  After bedtime that
night, Nancy=s mother heard her crying and when she confronted
Nancy, Nancy told her that appellant had grabbed her breast and told her that
she was going to have a bottom like her mother=s.








When asked why she did not immediately tell
her mother about the incident Nancy testified:

A[c]ause I was scared and I wasn=t sure, like, because I don=t really know what kind of person
he is.  So, I wasn=t sure if it was just accidentally
like he was just kind of like the touchy-feely type of person or what, but I
know I didn=t feel comfortable with it.@  

Nancy also testified she was worried about how her
father=s side of the
family would act.  

The next morning, June 6, 2007,  Nancy=s mother spoke
with Nancy=s father and called the police.  A patrol officer was
sent to Nancy=s house and took a statement from Nancy and her
family.  The case was sent to the juvenile sex crimes unit for further
investigation.  On June 14, 2007, Nancy was interviewed by the Children=s Assessment
Center.  

Sandra (Sandy) Hines, appellant=s cousin,
testified for the defense.[3] 
Hines testified that she and her fiancé, Kevin Fox, were present at the time of
the alleged incident.[4] 
Hines further testified that Nancy was walking down the street and Hines asked
her where she was coming from and, since it was getting dark outside, watched
her get home.  Sandy testified that appellant did not speak to Nancy.

A jury found appellant guilty of indecency
with a child.  The jury assessed punishment at forty-five years' confinement in
the Institutional Division of the Texas Department of Criminal Justice and
imposed a  $10,000 fine.  This appeal followed.

 

 








Discussion    

A.  Is the
Evidence Factually Sufficient to Support Appellant=s Conviction?

In appellant=s sole issue on
appeal, he challenges the factual sufficiency of the evidence.[5] 
Specifically, appellant contends the evidence is factually insufficient to
prove appellant possessed the requisite intent to commit the offense of
indecency with a child.  Appellant argues complainant wavered during her
testimony on direct examination, causing the evidence to be factually
insufficient to show that he had an intent to arouse or gratify the sexual
desire of any person.

I. 
Standard of Review

In a factual sufficiency review, we
consider all the evidence in a neutral light.  Prible v. State, 175
S.W.3d 724, 730B31 (Tex. Crim. App.2005). 
The evidence may be factually insufficient in two ways. Id. at 731.  First, when considered by itself, evidence supporting the
verdict may be so weak the verdict is clearly wrong and manifestly unjust.  Id.  Second, where the evidence both supports and contradicts
the verdict, the contrary evidence may be strong enough
the beyond-a-reasonable-doubt standard could not have been met.  Id.  In conducting a factual sufficiency review, we must
employ appropriate deference so we do not substitute our judgment for that of
the fact finder.  Jones v. State, 944 S .W.2d 642, 648 (Tex. Crim.
App.1996).  Our analysis must consider the evidence appellant claims is most
important in allegedly undermining the jury's verdict. Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App.2003)

 








II. 
Analysis

For the State to prove appellant committed
the offense of indecency with a child, it is required to prove that appellant
engaged in sexual contact with a child.  Tex. Penal Code Ann. ' 21.11(a)(1). 
Sexual contact is defined as Athe following acts, if committed with the
intent to arouse or gratify the sexual desire of any person: any touching by a
person, including touching through clothing, of the anus, breast, or any part
of the genitals of a child.@ Id. at ' 21.11(c)(1). 
Appellant argues the evidence presented by the State is factually insufficient
to support the jury=s verdict.  He argues that even if he
touched Nancy=s breast, Nancy=s testimony shows
that it may have been an accident.  Appellant argues if the touching was an
accident, then he could not have had the requisite intent to arouse and gratify
his sexual desires. 

The testimony of a child victim, under the
age of seventeen, standing alone is sufficient to support a conviction of
indecency with a child.  Tex. Code Crim. Proc. art. 38.07(b)(1) (Vernon 2005); Glockzin
v. State, 220 S.W.3d 140, 147 (Tex. App.CWaco 2007, pet.
ref=d) (quoting
Perez v. State, 113 S.W.3d 819, 838 (Tex. App.CAustin 2003, pet.
ref=d), overruled
on other grounds by Taylor v. State, 268 S.W.3d 571 (Tex. Crim. App.
2008)).[6] 
The jury, as the trier of fact, is the sole judge of the credibility of the
witness and the strength of the evidence.  Fuentes v. State, 991 S.W.2d
267, 271 (Tex. Crim. App. 1999).  The jury may choose to believe or disbelieve
any portion of the witness=s testimony.  Bargas v. State, 252
S.W.3d 876, 887 (Tex. App.CHouston [14th Dist.] 2008, no pet.).  








Appellant argues that since Nancy was the
only eye-witness testifying for the prosecution, her testimony alone was
insufficient because she wavered during direct examination and stated that it
may have been an accident.  Appellant contends the State did not prove the
requisite intent to arouse and gratify his sexual desire.  Because Nancy was
under seventeen years of age at the time of the assault, her uncorroborated
testimony is sufficient to convict appellant.[7] 
See Tex. Code Crim. Proc. art. 38.07(b)(1).  The requisite intent to
arouse or gratify the sexual desire of any person can be inferred from the
defendant=s conduct, his remarks, and the surrounding
circumstances.  McKenzie v. State, 617 S.W.2d 211, 216 (Tex. Crim. App.
1981); Navarro v. State, 241 S.W.3d 77, 79 (Tex. App.CHouston [1st
Dist.] 2007, pet. ref=d). 








Appellant relies on Nancy=s statement AI wasn=t sure if it was
just accidentally like he was just kind of like the touchy-feely type of person
or what, but I know I didn=t feel comfortable with it.@  But Nancy also
testified that appellant pulled her close to where her bottom was touching his
pelvis, whispered in her ear, brushed her neck with his mouth, and purposefully
grabbed her breast. On cross-examination Nancy explained that she did not know
appellant well enough for him to touch her and she made it clear to him that
she did not like it.  The jury was free to believe or disbelieve any portion of
Nancy=s testimony.  See
Bargas, 252 S.W.3d at 887.  The jury could have reasonably concluded from
the circumstances that the appellant intended to arouse and gratify his sexual
desire.  See McKenzie, 617 S.W.2d at 216 (holding the jury could find
intent to arouse and gratify sexual desire where appellant kneeled in front of
a little girl, told her he was going to remove her pants Ato see if she
[was] clean,@ touched her genitalia, promptly rose to leave, and
told her he would see her the next day at the same time); Navarro, 241
S.W.3d at 79 (holding the jury could find intent to arouse and gratify sexual
desire where appellant exposed himself to a child and asked her to lift up her
shirt).  Thus, the evidence was factually sufficient for the jury to conclude
appellant had the requisite intent necessary to be convicted of indecency with
a child and to uphold the verdict.

Conclusion 

The evidence presented by the State was factually
sufficient to support the jury=s finding that appellant was guilty of
indecency with a child. Accordingly, we overrule appellant=s issue on appeal
and affirm the judgment of the trial court.

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

 

Panel consists of Justices Anderson,
Guzman, and Boyce.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 









[1]  The minor complainant will be referred to by a
pseudonym to protect her identity.





[2]  Appellant is Nancy=s father=s cousin, whom she had met a week
prior to this encounter.





[3]  Hines is also Nancy=s cousin.  However, Hines is close to appellant as she has known him
her entire life.  Hines testified she is not close with Nancy and has never
hung out or had a conversation with her.





[4]  Appellant lived at Hines= mother=s house and Hines was visiting appellant at his house on the day of the
alleged incident.  





[5]  As a factual sufficiency review begins with the
presumption the evidence supporting the jury=s
verdict is legally sufficient, and since appellant challenges only the factual
sufficiency of the evidence, he effectively concedes the evidence is legally
sufficient to sustain the conviction.  See Santellan v. State, 939 S.W.2d
155, 164 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 134
(Tex. Crim. App. 1996).





[6]  Appellant relies on two cases in support of his argument that the
victim's testimony was insufficient to sustain a guilty verdict.  Both cases
are based on an earlier version of article 38.07 of the Code of Criminal
Procedure in which the testimony of a child victim alone was sufficient only if
the victim was under fourteen years of age. See Friedel v. State, 832
S.W.2d 420 (Tex. App.CAustin  1992, no pet.); Stewart v. State, 933
S.W.2d 555 (Tex. App.CSan Antonio 1996, pet. ref=d). 





[7]  Although Nancy=s
testimony alone was sufficient to convict appellant, she informed at least
three people about the assault on the day it happened.  Nancy first told  her best friend,
then her aunt, and then her mother.