Opinion issued February 10, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00905-CR

———————————

Raymond Proctor Harper, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 184th District Court

Harris County, Texas



Trial Court Case No. 1187992

 



 

MEMORANDUM OPINION

A jury found
appellant Raymond Proctor Harper guilty of the second degree felony offense of indecency
with a child, Tex. Penal Code Ann.
§ 21.11(a)(1) (Vernon Supp. 2009),
and assessed punishment at four years’ confinement and a $3,000 fine.  Id.
§ 12.33.  In two points of error, appellant contends
that the evidence is legally and factually insufficient to sustain his
conviction.  We affirm.

BACKGROUND

In July 2008, appellant and his
wife Denise (“DeDe”) lost their jobs and needed somewhere to live temporarily.  They moved into the four-bedroom house that
appellant’s cousin, Brandon Smith, and his wife, Carrie Prutz, shared with
their two children—a 7-year-old
daughter and 4-year-old son, B.J..  Smith
and Prutz shared a room, appellant and his wife shared another, the children
slept in separate beds in the third bedroom, and the fourth room was used as a
playroom.    

After appellant and his wife had been
at the house for a few days, B.J. asked Prutz if he could wear pants to
bed.  She found this request to be
unusual because he usually slept in his underwear, but she agreed. The next
day, while B.J. was playing in the playroom with his sister and Prutz, B.J.
suddenly declared: “Mommy, Raymond tickled my wiener.”  After Prutz said “What?,” B.J. repeated,
“Raymond tickled my wiener.”  Prutz
understood B.J. to mean that this had happened during the previous night, but
did not press him for additional information then. 

Later that night, Smith confronted
appellant, who denied the allegation. 
The next morning, Smith asked B.J. “what happened,” and B.J. said
Raymond “touched my wiener.”  Smith made
appellant and his wife move out immediately.

Prutz and Smith did not report the
incident to the police.  About one week after
later, however, a representative from Children’s Protective Services (CPS) came
to their house and asked to interview the children.[1]  When the CPS worker asked Prutz afterwards
about whether either child had ever been touched or “messed with,” Prutz
disclosed the incident with appellant.  

At trial, B.J. testified that
Raymond and DeDe lived with them the previous summer.  He testified that Raymond came in his room
one night while he was sleeping, that Raymond touched him on his wiener with
his hand, and that it felt “bad.”  He
recalled that he was wearing shorts, and that Raymond put his hand in his
pants.  He testified this lasted a
“short” amount of time.

The Children’s Assessment Center’s
forensic interviewer who spoke to B.J. also testified at trial.  She concluded that B.J. could distinguish
between a truth and a lie.  She testified
that B.J. was “very clear” as to what had happened to him, and responded to her
questions with very specific details about the incident and surrounding
circumstances.  She believed his
responses were age-appropriate and she did not have the impression that B.J.
had been coached.

Both appellant and his wife conceded
that identity was not at issue, i.e., that appellant is the same “Raymond” that
B.J. said touched him.  They testified to
their belief, however, that Prutz (possibility jointly with her mother),
manipulated B.J. into making a false allegation to create an excuse to throw
appellant and his wife out of the house. 
     

SUFFICIENCY
OF THE EVIDENCE

 

In two issues, appellant complains
the evidence is both legally and factually insufficient to support a conviction
for indecency with a child.  

A.      Standard of
Review

An appellate court reviews both legal and factual sufficiency
challenges using the same standard of review. 
Brooks v. State, 323 S.W.3d 893, 894 (Tex. Crim. App. 2010); Ervin v. State, No. 01-10-00054-CR, __ S.W.3d __, 2010 WL 4619329,
at *2-3 (Tex. App.—Houston [1st Dist.] Nov. 10, 2010, pet. filed).  Under
this standard, evidence is insufficient to support a conviction if, considering
all the record evidence in the light most favorable to the verdict, no
rational fact finder could have found that each essential element of the
charged offense was proven beyond a reasonable doubt.  See
Jackson v. Virginia, 443 U.S. 307, 319
(1979); Laster v. State, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); Williams
v. State, 235 S.W.3d 742, 750
(Tex. Crim. App. 2007).  Viewed
in the light most favorable to the verdict, the evidence is insufficient under
this standard in two circumstances:  (1)
the record contains no evidence, or merely a “modicum” of evidence, probative
of an element of the offense; or (2) the evidence conclusively establishes a
reasonable doubt.  Laster, 275 S.W.3d at 518; Williams, 235 S.W.3d at 750.

An appellate court determines whether the necessary
inferences are reasonable based upon the combined and cumulative force of all
the evidence when viewed in the light most favorable to the verdict.  See Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).  An
appellate court presumes that the fact finder resolved any conflicting
inferences in favor of the verdict and defers to that resolution.  See
Jackson, 443 U.S. at 326; Clayton,
235 S.W.3d at 778.  An appellate court may not re-evaluate the
weight and credibility of the record evidence and thereby substitute its own
judgment for that of the fact finder.  Williams,
235 S.W.3d at 750.

B.      Indecency with a
Child

A person commits the offense of
indecency with a child if, with a child younger than 17 years of age, whether
the child is of the same or opposite sex, the person engages in sexual contact
with the child or causes the child to engage in sexual contact.  Tex. Penal Code Ann. § 21.11(a)(1) (Vernon Supp. 2009). 
“Sexual contact” includes “any
touching by a person, including touching through clothing . . . any part of the
genitals of a child,” if “committed with the intent to arouse or gratify the
sexual desire of any person.”  Id. § 21.11(c)(1).  

C.      Sufficiency Analysis

The appellant argues that B.J.’s testimony was too “inconsistent and
inconclusive” about “whether appellant touched him.”  He further complains that B.J. offered scant
particulars regarding the alleged encounter and that B.J. was unable to
positively identify appellant as his perpetrator.  Finally, he contends the record is devoid of
any evidence from which the jury could reasonably infer appellant’s specific
intent in touching B.J. was “to arouse or gratify sexual desire of a person.”

The testimony of a child victim alone is sufficient to support a
conviction for indecency with a child.  Tex. Code Crim. Proc. Ann. art 38.07
(Vernon 2005); Navarro v. State, 241
S.W.3d 77, 81 (Tex. App.—Houston [1st Dist.] 2007, pet. ref’d).  B.J. testified to the facts necessary to
establish the elements of this offense. 
When asked if someone came into his room at night, B.J. responded
“Raymond.”  When asked if someone touched
his “wiener,” B.J. said “yes.”[2]  When asked to identify who touched him, B.J. answered
“Raymond.”  He testified he was wearing
shorts and underwear, and that Raymond put his hands in his pants.  Finally, he testified that Raymond’s touching
felt “bad.”  

The appellant points to several parts of B.J.’s testimony he
characterizes at inconsistent and inconclusive, such as B.J.’s testimony that
(1) he did not remember how he knew it was Raymond that came in his room, (2)
he did not wake up when Raymond was in his room, (3) he woke up for just a
minute when Raymond came in his room, but does not know what happened in that
minute, and (4) he did not see Raymond in the courtroom.  But children are not expected to “testify
with the same clarity and ability as is expected of mature and capable
adults.”  Villalon v. State, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990).  It is within the jury’s province to weigh the
effect of any ambiguities and inconsistencies in this type of testimony.  Tran v.
State, 221 S.W.3d 79, 88 (Tex. App.—Houston [14th Dist.] 2005, pet.
ref’d).  B.J.’s testimony established all
the elements of indecency with a child, and any inconsistencies in his
testimony did not render that evidence insufficient to support the
verdict.  Id.  

The testimony of an outcry witness, see
Tex. Code Crim. Proc. art 38.072
(Vernon Supp. 2009), is also alone sufficient to support a conviction for
indecency with a child.  See, e.g., Rodriguez v. State, 819
S.W.2d 871, 873 (Tex. Crim. App. 1991). 
As such, Prutz’s testimony supports the jury’s verdict.  Prutz testified that, a few days after the appellant
moved into their home, B.J. declared “out of nowhere” that “Raymond tickled my
wiener.”  Prutz heard him repeat the
similar statement to his father the following day that Raymond “touched my
wiener.”  

B.J. also adequately identified the appellant.  B.J. testified that Raymond and DeDe stayed
in their house for a “couple of days.”  While
he said he did not see Raymond in the courtroom, he was unequivocal in his
assertion that the Raymond who stayed with them is the person who came in his
room and touched him.  See Purkey v. State, 656 S.W.2d 519, 520
(Tex. App.—Beaumont 1983, pet. ref’d) (in-court identification of defendant not
required).  During her testimony, Prutz
identified the appellant as the Raymond that was staying in their house at the
time of the offense.  Both the appellant
and his wife conceded at trial that identity was not an issue and that, when
B.J. testified about “Raymond,” he was referring to the appellant.  There is sufficient evidence of identity.  See Rohlfing
v. State, 612 S.W.2d 598, 601 (Tex. Crim. App. 1981).

Finally, there is sufficient evidence that the appellant’s touching
B.J.’s genitalia was done with the specific intent “to arouse or gratify sexual
desire of a person.”  Tex. Penal Code Ann. § 21.11(c)(1)
(Vernon Supp. 2009).  An individual acts
with intent when it is the individual’s conscious desire or objective to engage
in the conduct or cause the result.  Id. § 6.03(a) (Vernon 2003).  Specific intent to arouse or gratify the
sexual desire of any person can be inferred from a defendant’s conduct, his
remarks, and all the surrounding circumstances. 
E.g., McKenzie v. State, 617 S.W.2d 211, 216 (Tex. Crim. App. [Panel Op.]
1981).  “An oral expression of intent is
not required; the conduct itself is sufficient to infer intent.”  Villanueva
v. State, 209 S.W.3d 239, 246 (Tex. App.—Waco 2006, no pet.).  B.J.
testified that the appellant came into his room at night while he was asleep,
put his hand inside B.J.’s pants and felt his penis.  A rational jury could infer appellant had the
intent to gratify his own sexual desire from this conduct.

Viewing all evidence in a light most favorable to the verdict, a jury
could reasonably find beyond a reasonable doubt each element of the offense of
indecency with a child. 

CONCLUSION

We affirm the judgment of the trial
court.  

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Alcala and Bland.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]           There was speculation at trial that
Prutz’s mother may have called CPS.





[2]           B.J. identified his wiener as what he
uses for “peeing.”