Opinion issued April 7, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00432-CR

———————————

Armando Luna, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 182nd District Court

Harris County, Texas



Trial Court Case No. 1166072

 



 

MEMORANDUM OPINION

A jury convicted appellant Armando
Luna of indecency with a child by contact, and the trial court assessed his
punishment at five years’ confinement in prison.  See
Tex. Penal Code Ann. § 21.11 (West Supp. 2010). 
Luna appeals, claiming the State
presented insufficient evidence to support the jury’s verdict.  We affirm.

Background

          On
January 28, 2008, the complainant C.L. (then 11 years old), her two younger
siblings, and her mother were sleeping together in the children’s bedroom.  C.L.’s mother was awakened around 4:00 a.m. by
the sound of C.L.’s father, Armando Luna, returning home.  The mother testified that Luna was drunk.  He approached her while she was sleeping and
shook her, calling her “old lady” and swearing when she did not awake.  The mother testified that she believed Luna
wanted to have sex with her because he typically would try to do so when he
came home drunk.  The mother ignored him
and pretended to be asleep.

The mother testified that C.L.’s
father then laid down on the edge of the bed next to C.L.  She began to feel the bed move back and forth
on the side where C.L. was sleeping.  C.L.
testified that she was sleeping when she felt “somebody touching [her] in [her]
vagina.”  She testified that she felt a
big hand touching her outside of her clothes. 
C.L. stated that she knew her father was lying next to her in bed.  She also demonstrated how her father touched her using anatomically correct dolls
by touching the doll’s vagina.

The mother testified that she felt
Luna’s arm move, so she sat up in the bed and pulled back the covers.  When she pulled back the covers, she saw Luna
moving his hand moving away from his daughter’s pelvic area.  C.L.’s mother testified that she asked Luna what
he was doing, and that he laughed at her and called her crazy.  The two then began to fight, and Luna punched
the mother and pushed her against the headboard.  The next day, the mother moved out of the
house with all three children.

The mother took C.L. to see a
counselor who made a report of the incident to Child Protective Services and
filed a report with the police.  C.L. was
also interviewed by A. McAndrew, a forensic interviewer employed by the
Children’s Assessment Center.  McAndrew
testified that she interviewed C.L. to determine what took place on the night
of the incident.  Using anatomically
correct dolls, C.L. described and demonstrated Luna’s actions.  McAndrew testified that C.L. seemed credible
during the interview and that she knew and was consistent in describing the
details of the incident.

After the State rested its case,
Luna’s counsel moved for a directed verdict on the grounds that the State had
failed to present evidence that Luna had the requisite intent.  The trial court denied the motion.  The jury convicted Luna of indecency with a
child, and the court assessed punishment at five years in prison.  Luna timely filed a notice of appeal.

Analysis

In his sole issue, Luna challenges the
trial court’s denial of his motion for directed verdict.  We construe a challenge to a trial court’s
denial of a motion for directed verdict as a challenge to the legal sufficiency
of the evidence.  See Canales v. State, 98 S.W.3d 690, 693 (Tex. Crim. App. 2003).  We review the legal sufficiency of the evidence to support a
criminal conviction to determine “whether, after viewing the evidence in the
light most favorable to the prosecution, any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.”  Jackson v. Virginia, 443 U.S. 307, 319,
99 S. Ct. 2781, 2789 (1979); see Hardy v.
State, 281 S.W.3d 414, 421 (Tex. Crim. App. 2009).  As the
exclusive judge of the facts, the jury may believe or disbelieve all or any
part of a witness’s testimony.  Bignall v. State, 887 S.W.2d 21, 24
(Tex. Crim. App. 1994).  The jury, which heard testimony from the
complainant, was in the best position to weigh the evidence and, on appeal, we
will defer to the jury’s assessment of credibility.  See Brooks v. State, 323 S.W.3d 893, 899
(Tex. Crim. App. 2010) (plurality op.); Watson v. State, 204 S.W.3d 404, 418 (Tex. Crim. App. 2006).

A person is guilty of indecency with a child “if, with a
child younger than 17 years of age . . . the person . . . engages in sexual
contact with the child or causes the child to engage in sexual contact.”  Tex.
Penal Code Ann. § 21.11(a)(1). 
Sexual contact includes “any touching by a person, including touching
through clothing, of the anus, breast, or any part of the genitals of a child,”
if the act was committed “committed with the intent to arouse or gratify the
sexual desire of any person.”  Id. § 21.11(c)(1).  The indictment charged that Luna had
“unlawfully, intentionally and knowingly engage[d] in sexual contact with
[C.L.], a person younger than seventeen years of age and not the spouse of the
Defendant, by touching [her genitals] through clothing . . . with the intent to
arouse and gratify [his] sexual desire . . . .”

Luna argues that the evidence was
not legally sufficient to establish that he acted knowingly or intentionally
with the intent to arouse and gratify his sexual desires.  He further contends that the record is devoid
of evidence showing that he touched his daughter’s genitals because C.L.
testified that she was sleeping and that she felt “someone” touch her.

In evaluating the sufficiency of evidence
establishing intent to arouse or gratify a defendant’s sexual desire, the
requisite intent can be inferred from the defendant’s conduct, his remarks, and
all surrounding circumstances.  McKenzie v. State, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981); see Navarro v.
State, 241 S.W.3d 77, 79 (Tex. App.—Houston [1st Dist.] 2007, no pet.).  C.L. testified that she felt a big hand
touching her vagina and that her father was lying next to her.  The mother testified that Luna was drunk when
he returned home that evening and that he wanted to have sex with her.  After she rebuffed his advances, Luna laid
down next to C.L.  The mother testified
that she felt the bed moving back and forth and that she saw Luna moving his
hand away from C.L.’s pelvic area.

Based on the testimony of C.L. and her mother,
a rational jury could have concluded that Luna acted with the intent to arouse
or gratify his sexual desire.  See McKenzie, 617 S.W.2d at 216; Navarro, 241 S.W.3d at 79.  At trial, C.L. demonstrated how her father touched her using
anatomically correct dolls.  She also testified that she
knew that he father was in bed next to her and that she felt a big hand on her
vagina while she was sleeping.  Based on
her testimony, a rational jury could convict Luna of indecency with a
child.  See Navarro, 241 S.W.3d at 79. 
Accordingly,
we hold that the evidence is legally
sufficient to support Luna’s
conviction for indecency with a child, and we overrule Luna’s sole issue.  See Jackson, 443 U.S. at
319, 99 S. Ct. at 2789.

Conclusion

          We
affirm the trial court’s judgment.

 

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel
consists of Justices Keyes, Sharp, and Massengale.

Do
not publish.   Tex. R. App. P. 47.2(b).