In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00307-CR
_____

HOWARD JAY LILLEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 411th District Court
Polk County, Texas
Trial Cause No. 22324

MEMORANDUM OPINION

A jury convicted Howard Jay Lilley of indecency with a child, D.L., by sexual contact and sentenced Lilley to eighteen years in prison. In two appellate issues, Lilley challenges the admission of extraneous-offense evidence and the trial court's jury instruction on extraneous-offense evidence. We affirm the trial court's judgment.

In issue one, Lilley contends that the trial court abused its discretion by allowing testimony regarding a 2003 incident involving T.H. Evidence of other

1

crimes, wrongs, or acts may be admissible as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Tex. R. Evid. 404(b). Even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Tex. R. Evid. 403. We review a trial court's admission of extraneous-offense evidence under an abuse of discretion standard. *Rankin v. State*, 974 S.W.2d 707, 718 (Tex. Crim. App. 1998) (op. on reh'g). Error may not be predicated upon a ruling which admits evidence unless a party's substantial rights are affected. Tex. R. Evid. 103(a); *see* Tex. R. App. P. 44.2(b). We will not reverse if, after examining the entire record, we have fair assurance that the error did not influence the jury or had but slight effect. *Taylor v. State*, 268 S.W.3d 571, 592 (Tex. Crim. App. 2008).

At trial, the State sought to admit evidence of an incident that occurred in 2003. At a hearing outside the jury's presence, Lilley argued that the remoteness of the offense rendered the evidence more prejudicial than probative and that the evidence was inadmissible under Texas Code of Criminal Procedure Article 38.37. The trial court found the evidence admissible.

T.H. subsequently testified that in 2003 Lilley had been following her at a high school basketball game and, at some point, Lilley approached her, touched her breast, and grabbed her bottom when she walked away. Lilley told T.H., "You are

2

getting so big. I bet all the boys like you now." K.F. testified that she saw Lilley touching the side of T.H.'s breast. A.C., T.H.'s mother, testified that T.H. did not want to pursue charges because Lilley was related to T.H.'s paternal family members, Lilley's wife worked at T.H.'s school, and T.H. was afraid. In the jury charge, the trial court included the following limiting instruction:

> Evidence has been introduced that the defendant committed offenses, wrongs or acts, other than that for which he is on trial. You are instructed that you cannot consider such evidence for any purpose unless you first find from the evidence presented beyond a reasonable doubt that the defendant did commit those other offenses, wrongs or acts, if any. Therefore, if the State has not proven the defendant's guilt of those other offenses, wrongs or acts, if any, beyond a reasonable doubt, or if you have a reasonable doubt of the defendant's guilt of those other offenses, wrongs or acts, if any, you shall not consider such evidence for any purpose.

> If you find that the State has proven, beyond a reasonable doubt, the defendant's guilt of those other offenses, wrongs or acts, if any, you may consider such evidence for its bearing on matters relevant to the offense for which the defendant is on trial, including the character of the defendant and acts performed in conformity with the character of the defendant, and you may not consider those offenses, wrongs, or acts, if any, for any other purpose.

Assuming, without deciding, that the trial court abused its discretion by admitting the complained-of evidence, we conclude that Lilley's substantial rights were not affected. *See* Tex. R. Evid. 103(a); *see also* Tex. R. App. P. 44.2(b). Given the evidence before the jury, it is unlikely that the admission of the

complained-of evidence had a substantial effect on the jury's verdict. *See Ladd v. State*, 3 S.W.3d 547, 568 (Tex. Crim. App. 1999). The jury heard evidence that in 2011, D.L. told her mother that Lilley placed his hand under D.L.'s bra towards her breast and asked to touch D.L.'s breasts. She also told her mother that Lilley would bring his hands toward her breasts during hugs. D.L. testified that Lilley touched her inappropriately by placing his hand inside her bra and touching her breast and that, on another occasion, he asked to touch her breasts. She also testified that Lilley would "kind of touch" her breasts during hugs. When D.L. told her grandmother that Lilley had asked to touch her breasts, her grandmother told her not to tell anyone and that she would speak with Lilley. Detective Christi Allen testified that when she called Lilley to inform him that a warrant had been issued, Lilley replied, "Oh, f---. I messed up" or "Oh, hell, I messed up[]" before hanging up on Allen. The State discussed the offense against T.H. and argued that "[t]his is a pattern[,]" but focused its arguments on the charged offense against D.L.

Even absent the complained-of evidence, the testimony of D.L. alone supports Lilley's conviction for indecency with a child. *See Cantu v. State*, 366 S.W.3d 771, 775 (Tex. App.—Amarillo 2012, no pet.); *see also Navarro v. State*, 241 S.W.3d 77, 81 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). After examining the record as a whole, we have fair assurance that the error, if any, did

4

not influence the jury, or had but slight effect. *See Ladd*, 3 S.W.3d at 568; *see also Taylor*, 268 S.W.3d at 592. We overrule issue one.

In issue two, Lilley contends that the trial court's limiting instruction failed to correctly advise the jury on the law applicable to extraneous offenses. During the trial conference, Lilley had no objections to the trial court's jury charge. An affirmative denial of objection is the equivalent to a failure to object; thus, we may not reverse unless the error, if any, is "'so egregious and created such harm'" that the defendant did not receive a fair and impartial trial. *Sakil v. State*, 287 S.W.3d 23, 26 (Tex. Crim. App. 2009) (quoting *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)); *Bluitt v. State*, 137 S.W.3d 51, 53 (Tex. Crim. App. 2004). We consider (1) the entire jury charge, (2) the state of the evidence, (3) the parties' arguments, and (4) any other relevant information found in the record as a whole. *Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008).

Assuming, without deciding, that the trial court's jury charge was erroneous, we conclude that harm, if any, was not egregious. The State briefly mentioned the limiting instruction during closing arguments, but also told the jury that it could find Lilley guilty if it believed D.L.'s testimony alone; and defense counsel reminded the jury that the case on trial was the offense against D.L. The jury charge tracked the language of the indictment and instructed the jury that the State

5

bore the burden of proving Lilley's guilt beyond a reasonable doubt. The charge also instructed the jury that it could only find Lilley guilty if it found he committed the offense of indecency with a child beyond a reasonable doubt or acquit Lilley if it could not so find. The trial court instructed the jury that Lilley was presumed innocent and was not required to prove his innocence and advised the jury that it was the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. Moreover, as previously discussed, even without the extraneous-offense testimony, the evidence of the charged offense supports Lilley's conviction. The record does not suggest that the extraneous-offense instruction confused the jury or caused the jury to convict on less than beyond a reasonable doubt. Based on the record before us, we conclude that Lilley was not denied a fair and impartial trial. *See Sakil*, 287 S.W.3d at 26. We overrule issue two and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on December 8, 2014
Opinion Delivered January 14, 2015
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

6