

# NUMBER 13-17-00393-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

DONALD LEONARD TOUCHET,        Appellant,

**v.**

THE STATE OF TEXAS,          Appellee.

**On appeal from the Criminal District Court
of Jefferson County, Texas.**

# MEMORANDUM OPINION[1]

**Before Justices Contreras, Longoria, and Hinojosa
Memorandum Opinion by Justice Hinojosa**

Appellant Donald Leonard Touchet appeals his conviction for indecency with a

child by contact, a second-degree felony. *See* TEX. PENAL CODE ANN. § 21.11(a)(1)

---

[1] Pursuant to a docket-equalization order issued by the Supreme Court of Texas, the appeal has been transferred to this Court from the Ninth Court of Appeals in Beaumont, Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.).

(West, Westlaw through 2017 1st C.S.). A jury returned a guilty verdict, and the trial court assessed punishment at eighteen years' imprisonment in the Texas Department of Criminal Justice-Institutional Division. By one issue, appellant argues that the evidence supporting his conviction is legally insufficient.[2] We affirm.

## I. BACKGROUND

A grand jury returned an indictment alleging that appellant engaged in sexual contact with T.M.,[3] a child younger than 17 years of age, by touching the genitals of T.M., and that he did so with the intent to arouse or gratify his sexual desire. *See id.*

T.M., who was fourteen years old at the time of trial, testified concerning events that occurred when she was eleven years old. T.M. stated that she was best friends with appellant's step-daughter Jane Doe and that she would often stay the night at appellant's house. T.M. stated that appellant treated her like "more than a daughter" and would favor her over Jane. On Labor Day of 2014, appellant picked up T.M. and drove her to his house. Although T.M. expected Jane to be present, there was no one home when they arrived. Appellant told T.M. they were going to have an "adult day" and drove T.M. around in his golf cart. During the ride, appellant defined various sexual terms, such as "what a clitoris was, a penis, sex, oral [sex]." Appellant also told her that a "sticky finger" was whenever "you put your finger inside of a girl's private parts." Appellant had an ice

---

[2] Appellant also challenges the factual sufficiency of the evidence. However, the Texas Court of Criminal Appeals has abolished factual sufficiency review. *See Howard v. State*, 333 S.W.3d 137, 138 n.2 (Tex. Crim. App. 2011) (citing *Brooks v. State*, 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010) (plurality op.)).

[3] We refer to the minor complainant by her initials to protect her privacy. We refer to the minor witness by an alias for the same reason.

chest with beer on the golf cart. He offered T.M. a beer and encouraged her to "chug it down." After drinking three to four beers, T.M. began feeling dizzy and disoriented.

After two hours of riding on the golf cart, appellant took T.M. back to his house. Once there, appellant joined T.M. in the guest bedroom where he started rubbing T.M.'s back. T.M. testified that appellant placed his hands under her shirt and tried to unclasp her bra. T.M. extricated herself by going to the kitchen, where she made herself a sandwich. Appellant then called her back into the bedroom, laid her on the bed, and began massaging her thighs. During this time, T.M. told appellant to stop and asked when Jane would return. At one point, appellant's hands reached toward her underwear line. T.M. then left the room and hid in a cupboard in the living room. When T.M. heard appellant's wife and Jane arrive home, she emerged from her hiding spot and met them outside.

T.M. testified that she slept alone in the guest bedroom that night. She awoke when she felt something touch her leg and saw appellant on her bed. Appellant proceeded to touch the inside of T.M.'s genitals with his hand. After five minutes, T.M. stated that she pretended to wake up by stretching her body. This caused appellant to leave the room. T.M. then barricaded the door with a shelf stacked with water bottles so that she would be alerted if appellant returned.

Julie Touchet, appellant's wife, testified that she went to pick up Jane from her grandparents' house on Labor Day. While she was gone, appellant texted that he was picking up T.M. and bringing her to their house. Appellant later called her and told her

3

that he could not find T.M. Concerned, Julie rushed home. When she arrived, T.M. came outside laughing nervously. Julie stated that she hugged T.M. and chastised her for disappearing. Julie testified that T.M. stayed the night. The next morning, Julie opened the door to T.M.'s room and noticed that a shelf was blocking the door.

Billie Jo Yancey, T.M.'s grandmother, testified that T.M. told her she did not want to go to Jane's house anymore because appellant made her feel uncomfortable. T.M. then started crying and told Yancey that "she felt [appellant] get in bed with her and start trying to rub her."

The jury returned a guilty verdict. This appeal followed.

## II. LEGAL SUFFICIENCY

### A. Standard of Review and Applicable Law

"The standard for determining whether the evidence is legally sufficient to support a conviction is 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Johnson v. State*, 364 S.W.3d 292, 293–94 (Tex. Crim. App. 2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in *Jackson*); *see Brooks v. State*, 323 S.W.3d 893, 898–99 (Tex. Crim. App. 2010) (plurality op.). The fact-finder is the exclusive judge of the credibility of witnesses and of the weight to be given to their testimony. *Brooks*, 323 S.W.3d at 899; *Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008). Reconciliation of conflicts in the evidence is within the fact-finder's exclusive province. *Wyatt v. State*, 23 S.W.3d 18, 30 (Tex. Crim.

4

App. 2000). We resolve any inconsistencies in the testimony in favor of the verdict. *Bynum v. State*, 767 S.W.2d 769, 776 (Tex. Crim. App. 1989).

We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Cada v. State*, 334 S.W.3d 766, 773 (Tex. Crim. App. 2011) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.*

A person commits indecency with a child if the person engages in sexual contact with a child younger than seventeen years of age or causes the child to engage in sexual contact. TEX. PENAL CODE ANN. § 21.11(a)(1). As relevant here, "sexual contact" is defined as "any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child" if the act is "committed with the intent to arouse or gratify the sexual desire of any person[.]" *Id.* § 21.11(c)(1).

**B.    Analysis**

Appellant argues that "[t]here is no legally acceptable evidence that even places [him] at the scene of the crime at the [sic] any time. There are only confusing, incredible, and contradictory statements and tangible evidence regarding the crime." The State responds that T.M.'s testimony "clearly placed [a]ppellant at the scene of the crime[,]" and that her testimony supports "the jury's determination that [a]ppellant acted with intent to

5

arouse and gratify his sexual desires." We agree with the State.

We give wide latitude to testimony provided by child victims of sexual abuse. *Gonzalez Soto v. State*, 267 S.W.3d 327, 332 (Tex. App.—Corpus Christi 2008, no pet.). The testimony of a child victim alone is sufficient to support a conviction for indecency with a child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (West, Westlaw through 2017 1st. C.S.); *Jones v. State*, 428 S.W.3d 163, 169 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *Gonzalez Soto*, 267 S.W.3d at 332; *Scott v. State*, 202 S.W.3d 405, 408 (Tex. App.—Texarkana 2006, pet. ref'd). "The State has no burden to produce any corroborating or physical evidence." *Jones*, 428 S.W.3d at 169. The requisite intent for the offense of indecency with a child can be inferred from the defendant's conduct and remarks and all of the surrounding circumstances. *See Gonzalez Soto*, 267 S.W.3d at 332; *Navarro v. State*, 241 S.W.3d 77, 79 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd).

T.M.'s testimony establishes that appellant isolated her and provided her with alcohol while discussing sexually explicit topics. Appellant later entered the room where T.M. was sleeping and rubbed the inside of her genitals with his hand for approximately five minutes. Appellant's actions, as described by T.M., constitute sexual contact. Further, the jury could have reasonably concluded from T.M.'s testimony that appellant committed these acts with the intent to arouse or gratify his sexual desire. Viewing the evidence in the light most favorable to verdict, we conclude that a rational jury could have found that appellant committed the offense of indecency with a child. *See Johnson*, 364 S.W.3d at 293–94. Therefore, the evidence is legally sufficient to support appellant's

6

conviction. We overrule appellant's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
5th day of July, 2018.